IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-0201REL-01 |
| CURTIS SARTIN, ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

On November 17, 2005, the government moved to detain defendant Curtis Sartin pending trial. On November 21, 2005, I held a detention hearing. I find by a preponderance of the evidence that defendant poses a flight risk and that no single condition of release or combination of conditions of release will reasonably assure the appearance of defendant as required. In addition I find by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

## I.   BACKGROUND

On November 17, 2005, a criminal complaint was filed charging defendant with one count of possessing a firearm after having been convicted of felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant appeared before me for a first appearance the same day. During the first appearance proceeding, counsel for the government filed a motion for a detention hearing and a motion

to continue the hearing for three days. Those motions were granted, and defendant was remanded to the custody of the United States Marshal pending the hearing.

A detention hearing was held before me on November 21, 2005. Defendant appeared in person, represented by Cheryl Pilate. The government was represented by Assistant United States Attorney David Barnes. The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Nick Zych as the testimony he would give, under oath, if called as a witness, with one exception. Defendant stated that he was unaware of the July 21, 2004, charge of assault, and he was unaware of the November 4, 2005, charge for possession of stolen goods. Because the police reports were not available, I agreed not to consider those charges for purposes of this hearing. I took judicial notice of the affidavit in support of the complaint. Defendant made the following proffer: Defendant is presumed innocent until and unless there is any finding of guilt and there is a great deal of fact finding and investigation that needs to be done in this case. There were a number of persons in and out of defendant's residence, individuals with a lot of issues and problems in their lives, any number of persons who may have been involved in illegal activity at defendant's residence. Defendant does have sole custody of his two children who are in the physical custody of his parents. Defendant is a home owner and has significant assets including a small business. He has regular contact with his parents who live about 40 miles away from him. He spent a very substantial time

when he was not in prison and was working and was lawful from 1996 until 2005, it does not appear he had any legal problems. Defendant admits he does have a problem with drugs. We ask that you consider releasing him to live with his sister who is a law-abiding person, who is willing to have defendant reside with her or to take responsibility for him and we would suggest inpatient drug treatment. Defendant does have substantial family support, he could pledge and put up his own assets, his parents and sister are willing to put up money and property as necessary and are willing to be involved with him on a daily basis if need be.

## II.     **FINDINGS OF FACT**

On the basis of the information contained in the Pretrial Services Report and the affidavit in support of the complaint, I find that:

1. Defendant, 42, is a lifelong resident of the Kansas City area except for a three-year period when he lived in Wichita, Kansas. Defendant has lived off and on for the past three years in Clinton, Missouri, with his girl friend, age 21. Defendant plans to put his residence up for sale and move in with his parents.

2. Defendant's parents live in Osceola, Missouri, and he has one sister who lives in Kansas City. Defendant's two children, ages 17 and 5, live with defendant's parents. Defendant maintains regular contact with his family.

3. Defendant has been married and divorced twice. He has custody of his children who live with his parents.

4. Defendant has a high school education and three years of college. For the past three years he has owned and operated TJ Electronics, where he

works as a computer technician. Defendant has $6,000 cash, a residence valued at $81,000, a motorcycle worth $15,000 ($7,000 lien), business inventory of $20,000, and five vehicles worth $15,000. He has $4,500 in credit card debt and owes his parents $15,000.

5. Defendant is generally in good health although he has Hepatitis C. He has used methamphetamine almost daily for the past three years. He has used marijuana since age 15, and used cocaine in the past but has not used it in the last 15 years.

6. Defendant's criminal history includes the following:

| Date | Charge | Disposition |
| --- | --- | --- |
| 05/11/81 | Failure to appear | Guilty |
| 08/06/81 | Minor in possession of liquor | Guilty |
| 05/04/83 | Dev. Sexual Assault 2nd **(Felony)** | SIS, 2 years probation, revoked due to additional convictions |
| 12/13/83 | 1. Receiving stolen property **(Felony)**<br>2. Unlawful possession of a weapon **(Felony)**<br>3. Drug violation **(Felony)** | 5 years in prison |
| 12/04/89 | 1. Dist/Sel/Manuf controlled substance **(Felony)**<br>2. Receiving stolen property | 1. 5 years<br>2. Dismissed |
| 08/28/90 | Disorderly conduct | Fined |
| 10/23/90 | Fugitive | Transferred to Johnson County, KS |

| 10/23/90 | 1. Forgery **(Felony)**<br>2. Forgery **(Felony)**<br>3. Forgery **(Felony)**<br>4. Forgery **(Felony)**<br>5. Forgery **(Felony)** | 1. 2-5 years in prison<br>2. 1-2 years in prison<br>3. 1-2 years in prison<br>4. 1-2 years in prison<br>5. 1-2 years in prison |
|---|---|---|
| 02/15/91 | Fugitive | Transferred to Jackson County, Missouri |
| 02/15/91 | 1. Burglary 2nd **(Felony)**<br>2. Robbery 1st<br>3. Armed criminal action | 1. 7 years<br>2. Dismissed<br>3. Dismissed |
| 03/19/91 | Passing a bad check | Dismissed |
| 07/08/91 | Passing a bad check | 90 days in jail |
| 09/19/91 | Fraud checks | Dismissed |
| 11/04/05 | Possession of methamphetamine | Released on bond, next court appearance in 2 weeks, arrest date corresponds with alleged instant offense misconduct. |

Defendant is the subject of an order of protection, which will expire on January 20, 2006, initiated by defendant's second wife. He has used the aliases James Thomas, Brett Brock, and John Guyton in the past.

7. On November 4, 2005, the Central Missouri Drug Task Force conducted a state search warrant on defendant's residence and place of business. Police recovered an assault rifle in the living room of the residence, in plain view and accessible to any occupant of the residence. Police also recovered a .22 caliber semi-automatic handgun from the night stand drawer in defendant's bedroom.

8. On November 18, 2005, law enforcement officials went to defendant's residence to execute the arrest warrant on the federal complaint for possessing a firearm after having been convicted of a felony. On that date, police recovered from defendant's residence methamphetamine and a weapon different from those recovered on November 4, 2005.

9. If convicted, defendant faces a statutory maximum prison sentence of life and a statutory minimum prison sentence of 15 years.

### III. CONCLUSIONS

I find by a preponderance of the evidence that no single condition of release or combination of conditions of release will reasonably assure the appearance of defendant as required. Defendant is facing a possible life sentence and a minimum 15-year prison sentence in this case. He has a pending case in state court for possession of methamphetamine. Defendant has a history of illegal drug use, he has been arrested several times for being a fugitive, and he has used aliases in the past.

In addition, I find by clear and convincing evidence that no single condition of release or combination of conditions of release will reasonably assure the safety of the community. Defendant possessed two firearms which led to the complaint in this case, and he had yet another firearm at the time of his arrest two weeks later. Defendant has been charged with a drug offense in state court and had methamphetamine in his possession at the time of his arrest. Defendant has a very lengthy criminal history including 11 felony convictions; he

6

has a history of drug offenses, weapons offenses, sexual offenses, and assaultive behavior; he has a history of arrest while on court supervision; he has had probation revoked in the past; he is the subject of an order of protection; and he has a long history of serious illegal drug abuse.

It is, therefore

ORDERED that defendant be committed to the custody of the Attorney General or his authorized representative for detention pending grand jury action and, if an indictment is returned, pending trial. It is further

ORDERED that defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver defendant to a United States Marshal for his appearance in connection with a court proceeding.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 21, 2005